Jeffrey L. Hartman, Esq., #1607
**HARTMAN & HARTMAN**
510 West Plumb Lane, Suite B
Reno, Nevada  89509
Telephone: (775) 324-2800
Telecopier: (775) 324-1818
notices@bankruptcyreno.com

**E-Filed 2/14/17**

Attorney for Jeri Coppa-Knudson, Trustee

**UNITED STATES BANKRUPTCY COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| IN RE: | CASE NO.   BK-N-14-50333-BTB |
| ANTHONY THOMAS and WENDI THOMAS, | CASE NO.   BK-N-14-50331-BTB (Jointly Administered) |
| AT EMERALD, LLC, | CHAPTER   7 |
| Debtors. / | |
| JERI COPPA-KNUDSON, TRUSTEE | ADV. PROC. NO. |
| Plaintiff, vs. | **COMPLAINT FOR DECLARATORY JUDGMENT, TURNOVER OF PROPERTY OF THE ESTATE BY CUSTODIAN** |
| KENNETH CONETTO, ESTATE OF ERIC KITCHEN, KIMBERLY KLOTZ, WAYNE CATLETT and SHERIFF OF SANTA CLARA COUNTY | |
| Defendants. / | |

Plaintiff Jeri Coppa-Knudson, chapter 7 trustee, as and for her complaint, alleges as follows:

**JURISDICTION**

1.    This Court has jurisdiction over this adversary proceeding by reason by 28 U.S.C. §§ 157(a), 1334 and 2201.  This is a core proceeding by reason of 28 U.S.C.

1  § 157(b)(2)(A) and (E).

2      2.    Venue of this proceeding is proper under 28 U.S.C. § 1409(a).

3      3.    Plaintiff consents to entry by the Bankruptcy Court of a final judgment in this proceeding.

## PARTIES

4.    Anthony and Wendi Thomas filed their chapter 11 case on filed March 4, 2014 ("Thomas case").

5.    AT Emerald, LLC filed its chapter 11 case on March 4, 2014 ("AT Emerald case").

6.    The Thomas and AT Emerald cases were converted to chapter 7 on August 29, 2014 and Plaintiff Coppa-Knudson was appointed as the trustee ("Trustee") in both cases. Plaintiff is the representative of each of the cases by reason of 11 U.S.C. § 323.

7.    Plaintiff is informed and believes and thereon alleges that at all times relevant Defendant Kenneth Conetto was a resident of the State of California.

8.    Plaintiff is informed and believes and thereon alleges that at all times relevant Defendant Eric Kitchen was a resident of the State of California. Plaintiff is further informed and believes that Defendant Kitchen died in May 2013 in Santa Barbara, California.

9.    Plaintiff is informed and believes and thereon alleges that at all times relevant Defendant Kimberly Klotz was a resident of the State of California.

10.    Plaintiff is informed and believes and thereon alleges that at all times relevant Defendant Wayne Catlett was a resident of the State of California.

11.    Plaintiff is informed and believes and thereon alleges that at all times relevant Defendant Santa Clara County Sheriff is acting in the capacity as a custodian of the personal property which is the subject of this Complaint.

## FACTUAL ALLEGATIONS

12.    Plaintiff repeats and realleges paragraphs 1 through 11 as though fully set forth herein.

Hartman & Hartman
510 West Plumb Lane, Ste. B
Reno, Nevada 89509
(775) 324-2800

13. The Thomases' Schedule B listed 100 % ownership of an entity, AT Emerald, LLC, which they valued, based on appraisal, at $200,000,000.

14. Schedule B filed in the AT Emerald case listed one emerald as having a value of $200,000,000, based upon appraisal.

15. The emerald referenced on Schedule B in the AT Emerald case is currently stored in a vault in Florida ("Florida Emerald") and its approximate value is unknown.

16. Plaintiff has learned of the likely existence of at least one additional emerald believed to be in the possession of the Santa Clara County Sheriff in Santa Clara, California ("Santa Clara Emerald"). The Thomases did not disclose an interest in the Santa Clara Emerald; however, Plaintiff is informed and believes and thereon alleges that the Santa Clara Emerald is an asset of the Thomas bankruptcy estate or the AT Emerald bankruptcy estate.

17. In his response to question 4 of his Statement of Financial Affairs, Thomas disclosed litigation styled as <u>Thomas v. Kenneth Conetto, case no. 1-12-CV-216322</u>, a collection action then pending in California Superior Court, Santa Clara County ("<u>Thomas v. Conetto</u>"). A copy of the First Amended Complaint in <u>Thomas v. Conetto</u> is attached as **Exhibit A**.

18. <u>Thomas v. Conetto</u> named four defendants: Kenneth Conetto, Eric Kitchen, Kimberly Klotz and Wayne Catlett. The First Amended Complaint ("FAC") contains four claims for relief: Quiet Title, Conversion, Trespass to Chattels and Breach of Fiduciary Duty. The factual allegations in the FAC are summarized as follows:

    a. In the fall of 2001, Thomas contacted Conetto and offered to pay him to assist in locating and purchasing emeralds from Brazil;

    b. In May 2005, Conetto approached Thomas with the opportunity to purchase a 20,000 carat emerald. Thomas agreed to purchase the 20,000 carat emerald for $7,500;

    c. After the purchase, Thomas and Conetto had the emerald appraised by Ronald Ringsrud; The First Amended Complaint alleges the appraisal was for $2 million;

d. Thomas and Conetto then traveled to the Thomas home in Morgan Hill California where, together, Thomas and Conetto secreted the emerald in the garage;

e. Later in 2005, the emerald was allegedly sold by Conetto to Defendant Klotz;

f. In August 2006, the Thomas home in Morgan Hill was damaged by a fire while the Thomases were in Montana.  Thomas assumed that the emerald had been consumed in the fire; however, Thomas also alleges that the reclamation crew cleaning up after the fire, delivered the salvageable contents to the insurance company;

g. In February 2009, Thomas saw a 2005 Santa Barbara News Press article with a photograph of Defendant Kitchen holding a 19,000 carat emerald valued at approximately $2 million.

h. Thomas then concluded that Conetto must have stolen the emerald from the Morgan Hill property before the fire.

I. Thomas engaged an investigator to look into the matter and learned that a different appraisal company, Willow Glen Appraisal Service, had appraised the emerald.

j. Since 2010, the Santa Clara Emerald has been in the possession of the Santa Clara County Sheriff.

19.    Plaintiff believes that the emerald which is the subject of <u>Thomas v. Conetto</u> is the Santa Clara Emerald, and is separate and distinct from the Florida Emerald.  Plaintiff believes the Santa Clara Emerald is more particularly described as follows:

One natural faceted emerald mineral specimen measuring 255mm at its longest point, 132mm at its widest point and 79mm at the shortest width.  The emerald specimen weighs 2895 grams.  It appears to be one large single crystal formation.  The color is a dark green tone of a medium saturation, very slightly yellowish green and is semi-transparent.  No treatments or enhancements are detected.  Parts of the hexagonal faceted crystal have black matrix, typical for natural emerald.

///

20. At some point in <u>Thomas v. Conetto</u>, the parties agreed to a settlement conference to be conducted by Jeff Rickard, Esq., an attorney with the San Jose law firm of Needham, Kepner & Fish. The settlement conference was originally scheduled to occur in September 2014; however, the Thomas bankruptcy stay precluded that from happening.

21. In a letter brief submitted by Conetto to attorney Rickard, it was disclosed that in 2008, Thomas had filed an action in Santa Clara against Fire Insurance Exchange, case no. 1-08-CV-116710, in which he alleged that the defendant, among other things, had converted an emerald found in the wreckage of the fire-destroyed home in Morgan Hill. However, the allegation in that complaint specifically referred to hundreds of polished and cut emeralds and that a large emerald stone had been stolen. A jury in that case ruled in favor of Fire Insurance Exchange.

22. In <u>Thomas v. Conetto</u> it is alleged that Defendant Kitchen ended up with the Santa Clara Emerald. Plaintiff is informed and believes and thereon alleges that Kitchen is now deceased and that the Santa Clara Emerald is believed to be in the possession and custody of the Santa Clara Sheriff.

23. Plaintiff is informed and believes and thereon alleges that Defendants Conetto and Klotz claim no interest in the Santa Clara Emerald.

24. Plaintiff is informed and believes and thereon alleges that Defendants Kitchen and Catlett were dismissed from <u>Thomas v. Conetto</u> for lack of service.

**FIRST CLAIM FOR RELIEF**

**DECLARATORY RELIEF 28 U.S.C. § 2201**

<u>As To Defendants Kenneth Conetto, Eric Kitchen, Kimberly Klotz and Wayne Catlett</u>

25. Plaintiff repeats and realleges paragraphs 1 through 24 as though fully set forth herein.

26. Plaintiff alleges that her claim to the Santa Clara Emerald on behalf of the Thomas estate and/or the AT Emerald estate is exclusive and superior to the claim of any other party, including each of the Defendants.

///

Hartman & Hartman
510 West Plumb Lane, Ste. B
Reno, Nevada 89509
(775) 324-2800

5

27. Plaintiff is entitled to a determination that she, as the legal and only representative of the Thomas estate and /or the AT Emerald estate, is the lawful owner of the Santa Clara Emerald.

## SECOND CLAIM FOR RELIEF

## TURNOVER PURSUANT TO 11 U.S.C. § 543

### As To Sheriff of Santa Clara County

28. Plaintiff repeats and realleges paragraphs 1 through 27 as though fully set forth herein.

29. Plaintiff is informed and believes and thereon alleges that the Sheriff of Santa Clara County, California ("Sheriff") is a *de facto* custodian, in effect holding the property until someone is able to determine title.

30. Section 543(b) of the Bankruptcy Code requires a custodian to deliver property of the estate to the Trustee.

31. Upon determination by the Court of the relief requested in the First Claim, Plaintiff requests a judgment or order directing the Sheriff to turnover and deliver the Santa Clara Emerald to her.

**WHEREFORE**, Plaintiff requests

A. Entry of a judgment declaring her, as the Trustee for the Thomas and the AT Emerald chapter 7 estates, the sole owner of the Santa Clara Emerald;

B. Directing the Sheriff to deliver the Santa Clara Emerald to her, and

C. For such other and further relief as is just.

DATED: February 14, 2017.

**HARTMAN & HARTMAN**

/S/ Jeffrey L. Hartman
Jeffrey L. Hartman, Esq.
Attorney for Jeri Coppa-Knudson,
Plaintiff

Hartman & Hartman
510 West Plumb Lane, Ste. B
Reno, Nevada 89509
(775) 324-2800