Jeffrey L. Hartman, Esq., #1607
**HARTMAN & HARTMAN**
510 West Plumb Lane, Suite B
Reno, Nevada 89509
Telephone: (775) 324-2800
Telecopier: (775) 324-1818
notices@bankruptcyreno.com

Attorney for Jeri Coppa-Knudson, Trustee

**UNITED STATES BANKRUPTCY COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| IN RE: | CASE NO.   BK-N-14-50333-BTB |
| ANTHONY THOMAS and WENDI THOMAS, | CASE NO.   BK-N-14-50331-BTB (Jointly Administered) |
| AT EMERALD, LLC, | CHAPTER   7 |
| Debtors. | |
| ———————————————/ | |
| JERI COPPA-KNUDSON, TRUSTEE, | ADV. PROC. NO. 17-05005-BTB |
| Plaintiff, | |
| vs. | **MOTION FOR ENTRY OF DEFAULT JUDGMENT PURSUANT TO F.R.CIV.P. 55 AND F.R.BANKR.P. 7055** |
| KENNETH CONETTO, ESTATE OF ERIC KITCHEN, KIMBERLY KLOTZ, WAYNE CATLETT and SHERIFF OF SANTA CLARA COUNTY, | Hearing Date:   September 19, 2018 Hearing Time:    10:00 a.m. |
| Defendants. | |
| ———————————————/ | |

Plaintiff Jeri Coppa-Knudson, in her capacity as Chapter 7 Trustee of the bankruptcy estates of Anthony Thomas and Wendy Thomas and AT Emerald, LLC, which two cases are jointly administered, and as Plaintiff in this adversary proceeding, through counsel, hereby requests entry of a default judgment against Defendants Estate of Eric Kitchen, Kimberly Klotz and Wayne Catlett pursuant to F.R.Civ.P. 55 and F.R.Bankr.P. 7055. This motion is supported by the separately filed Declaration of Jeffrey Hartman. As permitted by F.R. Evid. 201, Plaintiff requests the Court take judicial notice of the papers on file in this case.

# **FACTS**

1. The Complaint in this adversary proceeding was filed on February 14, 2017.

2. As permitted by F.R.Bankr.P. 7004(b), Defendants Estate of Eric Kitchen, Kimberly Klotz and Wayne Catlett ("Defendants") were served with a summons and the Complaint by mail on May 11, 2017. **Adv. DE 10**.

3. The mailings to Estate of Eric Kitchen and Kimberly Klotz were returned by the US Postal Service as undeliverable. Plaintiff had three addresses for Wayne Catlett; two of the packages came back as undeliverable and the third, to a post office box, did not.

4. Plaintiff then obtained the Court's permission to publish notice of the summons and complaint in local newspapers in geographical areas where Defendants Estate of Eric Kitchen and Kimberly Klotz were most likely to see them. Proof of publication for Kimberly Klotz was filed on October 4, 2017, **Adv. DE 18**, as was proof of publication for Estate of Eric Kitchen, **Adv. DE 19**.

5. On December 7, 2017, Plaintiff filed her Notice Of Intent To Take Default. **Adv. DE 20**. The Notice Of Intent To Take Default provided Defendants until December 20, 2017 to file an answer or otherwise respond to the Complaint. Defendants failed to respond.

6. On February 1, 2018, Plaintiff filed her Request For Entry of Default. **Adv. DE 21**.

7. On February 1, 2018, the Clerk entered a Default. **Adv. DE 23**.

8. The allegations in the Complaint arise from plaintiff learning of the existence of an emerald currently held by the Santa Clara County, California Sheriff ("Santa Clara Emerald"), which emerald was not scheduled by Debtors Thomas or AT Emerald. Based upon information and documents, Plaintiff learned of a potential claim of interest in the Santa Clara Emerald by defendants. The names of the defendants were taken from a proceeding entitled Thomas v. Kenneth Conetto, case no. 1-12-CV-216322, a collection action then pending in California Superior Court, Santa Clara County ("Thomas v. Conetto"). A copy of that complaint was attached to the instant complaint as **Exhibit A**.

///

1    Plaintiff has been in contact with counsel for Kenneth Conetto as well as the Santa
2 Clara County Sheriff. Both have agreed to enter into a stipulation to a declaratory
3 determination that the estate has exclusive title to the Santa Clara Emerald in this action,
4 permitting Plaintiff to take possession of the Santa Clara Emerald. However, the Santa Clara
5 County Sheriff requires a bankruptcy court judgment to allow it to release the Santa Clara
6 Emerald. Upon entry of the judgment against the remaining defendants, Conetto and the
7 Santa Clara County Sheriff will execute the stipulation.

8    **WHEREFORE**, Plaintiff prays for Default Judgment against Defendants Catlett,
9 Klotz and Kitchen, declaring they have no ownership claim or interest in the Santa Clara
10 Emerald, and an order and judgment directing the Santa Clara Sheriff to turnover custody
11 and control of the Santa Clara Emerald to Plaintiff Jeri Coppa-Knudson.

12    DATED: August 9, 2018.

**HARTMAN & HARTMAN**

/S/ Jeffrey L. Hartman
Jeffrey L. Hartman, Esq.
Attorney for Jeri Coppa-Knudson, Trustee

<u>CERTIFICATE OF SERVICE</u>

I certify that I am an employee of Hartman & Hartman, and that on this date I caused to be served by U.S. Mail, postage prepaid, a copy of the within document upon:

Wayne Catlett
PO Box 5692
Santa Barbara, CA 93150-0647

Further, I emailed a copy of this document to Anthony Thomas at his requested email address, ATEmerald@gmail.com.

DATED: August 9, 2018.

/S/ Stephanie Ittner
Stephanie Ittner