LOUIS M. BUBALA III, ESQ.
Nevada State Bar No. 8974
KAEMPFER CROWELL
50 W. Liberty Street, Suite 700
Reno, Nevada 89501
Telephone: 775.852.3900
Facsimile: 775.327.2011
Email: lbubala@kcnvlaw.com

Phillip K. Wang (SBN 186712)
RIMON, P.C.
One Embarcadero Center, Suite 400
San Francisco, California 94111
Telephone: (415) 968-2002
Facsimile: (415) 968-2002
Email: phillip.wang@rimonlaw.com

Attorneys for Defendant
SHERIFF OF COUNTY OF SANTA CLARA

*Electronically Filed*
*March 18, 2019*

# UNITED STATES BANKRUPTCY COURT

# DISTRICT OF NEVADA

| | |
|---|---|
| In Re:<br><br>ANTHONY THOMAS and WENDI THOMAS,<br><br>AT EMERALD, LLC,<br><br>Debtors. | Case No. BK-N-14-50333-btb (LEAD)<br><br>Case No. BK-N-14-50331-btb<br>(Jointly Administered)<br><br>Chapter 7 |
| JERI COPPA-KNUDSON, TRUSTEE,<br><br>Plaintiff,<br><br>vs.<br><br>KENNETH CONETTO, ESTATE OF ERIC KITCHEN, KIMBERLY KLOTZ, WAYNE CATLETT and SHERIFF OF SANTA CLARA COUNTY,<br><br>Defendants. | Adv. Proc. No. 17-05005-btb<br><br>**MOTION BY DEFENDANT SHERIFF OF COUNTY OF SANTA CLARA TO SET ASIDE DEFAULT JUDGMENT, OR IN THE ALTERNATIVE FOR CLARIFICATION**<br><br>Hearing Date: April 17, 2019<br>Hearing Time: 2:00 p.m. |

**I.    INTRODUCTION**

This case was brought to purportedly determine who owns a rare emerald worth apparently about $2 million.  The Sheriff of County of Santa Clara (the "County") came into possession of this emerald ("Santa Clara Emerald" or "emerald") during a police investigation into a highly suspect report by debtor Anthony Thomas of its alleged theft.  The County has no claim to ownership of the Santa Clara Emerald, but is aware of a lengthy and sordid set of facts surrounding the dispute over who, if anyone, has rightful and actual legal ownership to the Santa Clara Emerald. Regardless of the multiple parties who may claim to own the Santa Clara Emerald, ownership of the Santa Clara Emerald has never been adjudicated on the merits in any legal proceeding or venue. Accordingly, the County believes that the default judgment entered in this proceeding is not the appropriate mechanism to compel the turnover of the Santa Clara Emerald due to the following concerns:

- Default was never entered, nor requested, against the County.
- Default has only been entered against three of the five defendants in this case – and not against defendant Kenneth Conetto, who claimed ownership of the Santa Clara Emerald.
- The County has no knowledge or record that the Summons and Complaint were personally served on the County or that it received the Summons and Complaint.
- The County did not receive actual notice of this adversary proceeding until after the Court entered its "Judgment and Order Directing Turnover" issued on September 26, 2018.
- None of the debtors claimed ownership of the Santa Clara Emerald in their bankruptcy schedules.
- A prior state court lawsuit concerning ownership of the Santa Clara Emerald, and involving the same parties to these bankruptcy proceedings was dismissed for lack of prosecution – without any judicial determination as to the rightful and legal ownership of the Santa Clara Emerald.
- The Trustee represented to the Court in her Motion for Entry of Default Judgment

that defendant Kenneth Conetto and the County had agreed to enter into a stipulation to a "declaratory determination" to declare that the Thomas and AT Emerald Chapter 7 estates have exclusive title to the Santa Clara Emerald in this action.  That was not true.  In fact, despite a recent meet and confer effort with the Trustee's counsel, the Trustee has not produced such any such stipulation signed by either defendant Conetto or the County, nor has the Trustee or anyone else ever filed such stipulation with this Court.  Additionally, the County is unaware of any authorized or even unauthorized County employee ever agreeing to stipulate to a declaratory determination that the Thomas/AT Emerald Chapter 7 estates have exclusive title to the emerald.

Under these circumstances, the County requests that the Court set aside its default judgment.

In the alternative, the County requests that the Court clarify its default judgment to require the Trustee to produce and file with this Court, at a minimum, the signed stipulation from defendant Conetto in which Conetto declares that he has no legal interest or title to the Santa Clara Emerald, as previously represented by the Trustee to this Court.

## II. STATEMENT OF FACTS

### A. Complaint by Trustee

This adversary proceeding was commenced on February 14, 2017, when the Trustee filed a Complaint for Declaratory Judgment, Turnover of Property of the Estate by Custodian [Dkt. No. 1] against five defendants: (1) KENNETH CONETTO ("Conetto"), (2) ESTATE OF ERIC KITCHEN, (3) KIMBERLY KLOTZ, (4) WAYNE CATLETT ("Catlett") and (5) SHERIFF OF SANTA CLARA COUNTY.  The Trustee alleges in the Complaint as follows:

> Plaintiff has learned of the likely existence of at least one additional emerald believed to be in the possession of the Santa Clara County Sheriff in Santa Clara, California ("Santa Clara Emerald"). The Thomases did not disclose an interest in the Santa Clara Emerald; however, Plaintiff is informed and believes and thereon alleges that the Santa Clara Emerald is an asset of the Thomas bankruptcy estate or the AT Emerald bankruptcy estate. (Complaint at ¶ 16.)

> Plaintiff requests A. Entry of a judgment declaring her, as the Trustee for the Thomas and the AT Emerald chapter 7 estates, the sole owner of the Santa Clara Emerald; B. Directing the Sheriff to deliver the Santa Clara Emerald to her …. (Complaint at 6:17-20.)

The Trustee also alleges on information and belief that "Defendants Conetto and Klotz claim no interest in the Santa Clara Emerald." (Complaint at 5:16-17.) The Trustee does not state any facts to support these allegations.

**B.    Prior Lawsuit Regarding Ownership of the Santa Clara Emerald**

On or about January 6, 2012, Anthony Thomas and Wendi Thomas filed a complaint in Santa Clara County Superior Court against Kenneth Conetto, Eric Kitchen, Kimberly Klotz, and Forrest Wayne Catlett, Case No. 1-12-CV216322, which asserted legal claims to adjudicate who had rightful legal ownership of the Santa Clara Emerald. The causes of action asserted in that Complaint were to quiet title, for conversion, for trespass to chattel and for breach of fiduciary duties. The Complaint was amended about 17 months later on June 17, 2013. The Trustee attached the First Amended Complaint in this prior lawsuit to her complaint in this adversary proceeding. This prior lawsuit was eventually dismissed for failure to prosecute. (Declaration of Michael J. Leon Guerrero in Support of Motion to Set Aside Default Judgment, Or In the Alternative for Clarification ["Leon Guerrero Dec."] at ¶ 3-4.)

Debtor AT Emerald makes no claim to ownership of the Santa Clara Emerald in this prior lawsuit, and was not a party in it. (Leon Guerrero Dec., Ex. A [First Amended Complaint].)

In this prior lawsuit, the Thomas debtors allege that Conetto must have stolen the Santa Clara Emerald from the Thomas's Morgan Hill house before that house was burned down in August 2006. The Thomas debtors make no allegation that they have any documents to prove their ownership in the Santa Clara Emerald. Allegedly, the bill of sale or other evidence of ownership of the Santa Clara Emerald was destroyed when Thomas' house was burned down. (First Amended Complaint at ¶23.)

**C.    Debtors' Bankruptcy Schedules**

The debtors did not list any ownership interest in the Santa Clara Emerald in their bankruptcy schedules. In the schedules filed by debtors Anthony Thomas and Wendi Thomas, the

debtors did not list a claim to ownership of the Santa Clara Emerald [Case No. 14-50333, Dkt. No. 1 at pages 17-19]. The Thomas debtors listed a 100% equity interest in AT Emerald LLC, which they valued at $200 million.

In the schedules filed by debtor AT Emerald LLC, the debtor lists one emerald with an alleged value of $200 million [Case No. 14-50331, Dkt. No. 1 at pages 9-11]. The emerald referenced in the AT Emerald case is known as the Bahia Emerald and is in the custody of the Los Angeles Sheriff's Department.[1] AT Emerald did not otherwise list a claim to ownership of the Santa Clara Emerald [Case No. 14-50331, Dkt. No. 1 at pages 9-11].

### D.    Service of Summons

On May 11, 2017, the Trustee filed a Certificate of Service [Dkt. No. 10] for the Summons and Complaint, which stated, among other things, that the Summons and Complaint were served by regular first-class mail on all the defendants. The County has no knowledge or record that the Summons and Complaint were personally served on the County or that it received the Summons and Complaint. (Leon Guerrero Dec., ¶ 13.)

### E.    Entry of Default Against Only Three Defendants

On February 1, 2018, the Trustee filed a Request for Entry of Default [Dkt. No. 21] against three of the defendants – Estate of Eric Kitchen, Kimberly Klotz, and Wayne Catlett. The Trustee's Request for Entry of Default was served only on Wayne Catlett. The Trustee did not seek entry of default against the County or Conetto and did not serve them with her Request for Entry of Default.

On the same day, February 1, 2018, the Court filed its Entry of Default [Dkt. No. 23] against three of the defendants – Estate of Eric Kitchen, Kimberly Klotz, and Wayne Catlett. Default was not entered against the County or against defendant Conetto.

---

[1] There is pending litigation concerning the ownership of the Bahia Emerald in Los Angeles. There is a complicated history of the Bahia Emerald, which is reportedly related to the Santa Clara Emerald, and is the subject of a number of news reports and documentaries, including a lengthy National Geographic episode about the $400 Million Dollar Emerald (www.youtube.com/watch?v=4mcLpyJluWI). Many of the same parties involved in the complex dispute relating to the Bahia Emerald ownership are also involved in the dispute for the Santa Clara Emerald, including Anthony Thomas, Kenneth Conetto, Eric Kitchen, Kimberly Klotz, and Wayne Catlett.

### F. Motion for Default Judgment Against Only Three Defendants

On August 9, 2018, the Trustee filed a Motion for Entry of Default Judgment [Dkt. No. 24] seeking default judgment against three of the defendants – Estate of Eric Kitchen, Kimberly Klotz, and Wayne Catlett. The Trustee did not seek default judgment against the County or Conetto. The Trustee served this motion on only Catlett. The County was not served with this motion. In this motion, the Trustee stated as follows:

> **Plaintiff has been in contact with counsel for Kenneth Conetto** as well as the Santa Clara County Sheriff. **Both have agreed to enter into a stipulation to a declaratory determination that the estate has exclusive title to the Santa Clara Emerald in this action, permitting Plaintiff to take possession of the Santa Clara Emerald.** However, the Santa Clara County Sheriff requires a bankruptcy court judgment to allow it to release the Santa Clara Emerald. **Upon entry of the judgment against the remaining defendants, Conetto and the Santa Clara County Sheriff will execute the stipulation.** (Motion for Entry of Default Judgment [Dkt. No. 24] at 3:1-7 [emphasis added].)

On August 9, 2018, the Trustee filed a Notice of Hearing on Motion for Entry of Default Judgment [Dkt. No. 26] to provide notice that a hearing on this motion would be held on September 19, 2018 at 10:00 a.m. in this Court. The Trustee served this Notice of Hearing on only Catlett. The County was not served with this Notice of Hearing.

### G. Judgment and Order Directing Turnover

After the Court apparently held this hearing, the Court issued Findings of Fact, Conclusions of Law re: Default Judgment on September 21, 2018 [Dkt. No. 28]. The Court found that "Defendants Estate of Eric Kitchen, Defendant Kimberly Klotz and Defendant Wayne Catlett have been properly noticed of the proceedings in this matter, and have failed to appear." (Findings of Fact, Conclusions of Law re: Default Judgment ¶ 9.)

On September 26, 2018, the Court entered a Judgment and Order Directing Turnover [Dkt. No. 29], which stated as follows:

> Declaratory Judgment is entered against Defendants Estate of Eric Kitchen, Kimberly Klotz and Wayne Catlett determining they have no legal or equitable claim to the Santa Clara Emerald. Judgment in favor of Plaintiff is entered directing the Santa Clara Sheriff to turnover and deliver custody and control of the Santa Clara Emerald to Plaintiff for the benefit

of the Thomas and the AT Emerald chapter 7 estates.

The Judgment and Order Directing Turnover were not concurrently served on the County.

### H.    The County Receives Notice of This Proceeding and Its Efforts to Meet and Confer with Trustee's Counsel

On October 3, 2018, Trustee's counsel sent a copy of the Judgment to deputy county counsel Cheryl Stevens at the County.  As of that date, Ms. Stevens was on leave from the County Counsel's office and she retired from County employment while on leave.  (Leon Guerrero Dec., ¶ 7.)

On November 29, 2018, the Trustee's counsel sent another letter addressed to Ms. Stevens at the County, with a copy of the Judgment and Order Directing Turnover.  (Leon Guerrero Dec., ¶ 8.)  This correspondence was referred to Michael J. Leon Guerrero, Esq., Deputy County Counsel for the County who primarily advises the Sheriff's office.

On December 6, 2018, Mr. Leon Guerrero had a telephone conversation with Trustee's counsel concerning this matter.  During that conversation, he asked Trustee's counsel whether he possessed any evidence that any of these debtors held legal ownership of the Santa Clara Emerald.  No ownership documentation has been provided to the County.  (Leon Guerrero Dec., ¶¶ 9-10.)

In addition, Mr. Leon Guerrero also asked whether the Trustee would be filing the stipulation with Conetto to declare the debtors' estates as exclusive owners of the emerald, as indicated in the Trustee's Motion for Entry of Default Judgment.  The Trustee's counsel informed Mr. Leon Guerrero that counsel was not intending to file the Conetto stipulation because the Judgment had already been entered.  Mr. Leon Guerrero responded that this statement was confusing because that is not what was represented to the Court in the Motion for Entry of Default Judgment.  Ultimately, both Trustee's counsel and Mr. Leon Guerrero agreed that the Sheriff's Office would not turn over possession of the Santa Clara Emerald to the Thomas estate or Trustee until the Conetto stipulation was signed and filed with the Court, as represented in the Trustee's motion.  Trustee's counsel stated he would attempt to obtain Conetto's signed stipulation, and file it with the Court prior to the Sheriff's Office handing over the emerald but that Trustee's counsel was unsure if Conetto was still alive or how to contact him.  (Leon Guerrero Dec., ¶ 10.)

Mr. Leon Guerrero also informed Trustee's counsel that Mr. Leon Guerrero was unable to

find anyone at the Sheriff's Office or the County who recalls speaking with Trustee's counsel or agreeing to stipulate that the debtors' estates are the sole owner of the emerald.  (Leon Guerrero Dec., ¶ 11.)

On December 14, 2018, Mr. Leon Guerrero sent an e-mail to Trustee's counsel to confirm their conversation.  He also asked Trustee's counsel to identify the name of the person at the County with whom counsel allegedly secured the agreement to the stipulation.  As of the date of this Motion, the County has received no response to these queries and has not received the signed stipulation by Conetto stating he has no legal ownership or interest in the Santa Clara Emerald.  (Leon Guerrero Dec., ¶¶11-12.)

### III.  DISCUSSION

#### A.  Relief from the Default Judgment Should Be Granted to the County.

The default judgment in this proceeding should be set aside as to the County.

Under Federal Rules of Bankruptcy Procedure, Rule 7055, Rule 55 of the Federal Rules of Civil Procedure applies to adversary proceedings.  Rule 55(c) provides: "… The court … may set aside a final default judgment under Rule 60(b)."  Fed. R. Civ. Proc. 55(c).  Bankruptcy Rule 9024 also makes Federal Rule of Civil Procedure 60 applicable in bankruptcy cases.  Rule 60(b) states: "On motion and just terms, the court may relieve a party or its legal representative from a final judgment, order, or proceeding for the following reasons: (1) mistake, inadvertence, surprise, or excusable neglect …."  Fed. R. Civ. Proc. 60(b).

"Although 'mistake, inadvertence, surprise, or excusable neglect' are recognized as grounds for relief from a final judgment by Rule 60(b)(1), the Rule is completely silent on what these terms mean."  12 Moore's Federal Practice - Civil § 60.41.  Because courts do not favor default judgments, Rule 60(b) motions are liberally construed "when substantial justice would thus be served."  *Thompson v. Kerr-McGee Refining Corp.*, 660 F.2d 1380, 1385 (10th Cir. 1981), *cert. denied* 455 U.S. 1019 (1982).  "Surprise" can be a sufficient ground for relief under Rule 60(b) to alter or vacate a judgment.  *See Bolivar v. Pocklington*, 137 F.R.D. 202, 204 (D.P.R. 1991) (finding excusable surprise and inadvertence on defendant's part justifying an order vacating judgment upon defendant's diligent and reasonable action in seeking relief from judgment), *aff'd, remanded*, 975

F.2d 28 (1st Cir. 1992).

The County has been justifiably "surprised" on multiple fronts in this matter, meriting the requested relief from default. First, the County was "surprised" to find out about the existence of this adversary proceeding and the entry of a default judgment, since the County never actually received service of the summons or any other notice in this case before learning of the entry of default judgment. Second, after reading the Trustee's motion for default judgment, the County was "surprised" to learn that the Trustee represented that some unnamed County employee allegedly agreed to sign a stipulation giving the bankruptcy estates sole and exclusive title to the Santa Clara Emerald. Third, the County was "surprised" to learn that the Trustee had purportedly communicated with Conetto's counsel and that Conetto agreed to sign a stipulation that he has no legal entitlement or ownership interest in the Santa Clara Emerald. Fourth, the County was "surprised" to find out that Trustee's counsel had obtained the judgment via default, but then stated that he was not intending to obtain Conetto's stipulation as he had previously represented to the Court that he would. Each independent issue, and their totality, demonstrates sufficient "surprise" to the County to grant it relief from the default judgment in this case.

In addition to these "surprises" warranting relief from the default judgment, the Supreme Court provided helpful, applicable guidance as to the meaning of the term "excusable neglect" in *Pioneer Investment Services Company v. Brunswick Associates Limited Partnership,* 507 U.S. 380, 395 (1993). *See also,* 12 Moore's Federal Practice - Civil § 60.41. Whether an instance of neglect is "excusable" is an equitable determination. In making the determination, a court must take account of all relevant circumstances, including (1) the danger of prejudice to the adverse party; (2) the length of any delay caused by the neglect and its effect on the proceedings; (3) the reason for the delay, including whether it was within the reasonable control of the moving party; and (4) whether the moving party acted in good faith. *See Pioneer*, 507 U.S. at 395.

Here, it is equitable to require the Trustee to comply with her own motion and counsel's representations to this Court relating to Conetto's acknowledgment that he has no legal interest, ownership or right to the Santa Clara Emerald. In making her motion for default judgment, the Trustee specifically represented that Conetto had "agreed to enter into a stipulation to a declaratory

determination that the estate has exclusive title to the Santa Clara Emerald in this action … [and] Upon entry of judgment against the remaining defendants, Conetto and the Santa Clara County Sheriff will execute the stipulation." (Motion for Entry of Default Judgment [Dkt. No. 24] at 3:1-7.)  But the Trustee has apparently *not* obtained this stipulation from Conetto and Trustee's counsel has now represented to Mr. Leon Guerrero that Trustee's counsel was not intending to obtain the Conetto stipulation because the judgment was already entered.  However, this stipulation must be obtained because Conetto is a named defendant who appears to claim an ownership interest in the subject emerald and because default was not entered against Conetto.  In other words, there is no danger of prejudice to require the Trustee to comply with her own motion and representations made to this Court.

While there may be some delay to the Trustee, the delay is reasonable given that none of the debtors listed any ownership interest in this emerald in their bankruptcy schedules, and the Trustee represented to the Court in her motion that she had obtained an agreement from defendant Conetto to stipulate to the estate's ownership of the Santa Clara Emerald.

In addition, the County has acted in good faith.  The County did not actually receive notice of this adversary proceeding until *after* the default judgment was entered.  "…[I]f it does not appear that the defendant actually received such service, it would be improper to enter any default." 10 Collier On Bankruptcy ¶ 7055.02 (citing *Bessette v. JDR Recovery Corp., USA (In re Bessette)*, 226 B.R. 103, 105 (Bankr. D. Idaho 1998)).  "It is improper to enter default, much less judgment, against any defendant who did not actually receive service of a complaint and summons.  *See Veeck v. Commodity Enters., Inc.*, 487 F.2d 423, 426 (9th Cir. 1973) (citation omitted).  It is unfair and inequitable to bind the County to this default judgment when it actually received notice of this case only after the default judgment was entered.

Since the County learned of this proceeding in late November 2018, the County has acted diligently and promptly to determine whether the true legal ownership of the Santa Clara Emerald has been adjudicated by any judge or in any legal proceeding.  Moreover, the County sought to file this motion only after having met and conferred with Trustee's counsel with no constructive result, except to have both parties agree that the Sheriff's Office will not turn over possession of the

emerald to the Trustee until after the Conetto stipulation is obtained and filed with this Court. Under these circumstances, it cannot be disputed that the County has acted in good faith.

Accordingly, the default judgment should be set aside as to the County.

### B. In the Alternative, the Default Judgment Should Be Clarified.

In the alternative, the default judgment should be clarified to, at the least, require the Trustee to file the stipulation signed by defendant Conetto that essentially waives Conetto's claim to legal ownership and entitlement to the Santa Clara Emerald. As agreed between Trustee's counsel and Mr. Leon Guerrero, the County should not be required to turn over the subject emerald until it is clear that there is no longer a dispute as to its ownership, and rightful legal ownership has been adjudicated and established.

"Section 105 of the Bankruptcy Code is an omnibus provision phrased in such general terms as to be the basis for a broad exercise of power in the administration of a bankruptcy case. The basic purpose of section 105 is to assure the bankruptcy courts power to take whatever action is appropriate or necessary in aid of the exercise of their jurisdiction." 2 Collier on Bankruptcy ¶ 105.01 (internal citations omitted). "The court may issue any order, process, or judgment that is necessary or appropriate to carry out the provisions of this title. No provision of this title providing for the raising of an issue by a party in interest shall be construed to preclude the court from, sua sponte, taking any action or making any determination necessary or appropriate to enforce or implement court orders or rules, or to prevent an abuse of process." *See* 11 U.S.C. § 105(a).

Here, it is premature to require the County to turn over the Santa Clara Emerald until it has been adjudicated that there is no remaining dispute over its ownership, particularly where ownership of this emerald and the related Bahia Emerald have been hotly disputed since as early as 2001, but have never been resolved on the merits by any judge or court of law.

### IV. CONCLUSION

The County Sheriff's Office remains in possession of the Santa Clara Emerald, has no claim to ownership of the subject emerald, and in the interests of justice seeks only to delay turning over the stone until ownership of the emerald has been adjudicated on the merits. For these and all the foregoing reasons, the County respectfully requests that the Court grant this motion and set aside

10    Adv. Proc. No. 17-05005-btb
Motion To Set Aside Default or For Clarification

1  the default judgment, or in the alternative, require Trustee to obtain and file with this Court
2  Conetto's signed stipulation stating that he has no legal interest or entitlement to the Santa Clara
3  Emerald.
4      DATED this 18th day of March, 2019.


DATED this 18th day of March, 2019.

KAEMPFER CROWELL
By: _/s/ Louis M. Bubala III_
LOUIS M. BUBALA III, ESQ.

RIMON P.C.
Attorneys for Defendant
SHERIFF OF COUNTY OF SANTA CLARA

# CERTIFICATE OF SERVICE

Pursuant to FRBP 7005 and FRCP 5(b), I certify that I am an employee of Kaempfer Crowell, that I am over the age of 18 and not a party to the above-referenced case, and that on March 18, 2019 I filed and served the foregoing **DEFENDANT SHERIFF OF COUNTY OF SANTA CLARA's MOTION BY TO SET ASIDE DEFAULT JUDGMENT, OR IN THE ALTERNATIVE, FOR CLARIFICATION** as indicated:

__X__ **BY NOTICE OF ELECTRONIC FILING**: through Electronic Case Filing System of the United States Bankruptcy Court, District of Nevada, to the individuals and/or entities at their email addresses as set forth below:
- Jeffrey L. Hartman:  notices@bankruptcyreno.com
- Jeri Coppa-Knudson:  renobktrustee@gmail.com, jcoppaknudson@ecf.epiqsystems.com

__X__ **BY MAIL**: by placing the document listed above in a sealed envelope with Postage thereon fully prepaid in the United States Mail at Reno, Nevada, and addressed as set forth below. I am readily familiar with my office's practice of collection and processing correspondence for mailing. Under that practice it would be deposited with the U.S. Postal Service on March 18, 2019, with postage thereon fully prepaid in the ordinary course of business.

Wayne Catlett
PO Box 5692
Santa Barbara, CA  93150-0647

Kenneth Conetto
3637 Snell Avenue, Sp. 51
San Jose, CA  95136-1316

____ **BY PERSONAL SERVICE**:  I personally delivered, or caused to be delivered, the document(s) to the persons at these addresses:

____ **BY DIRECT EMAIL**:  by sending directly to the party / email addresses

I declare under penalty of perjury that the foregoing is true and correct.

DATED:  March 18, 2019

/s/   Merrilyn Marsh
An Employee of KAEMPFER CROWELL